**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| TM MOTORHOME SALES, LLC, *a Delaware Limited Liability Company*, and W MOTORHOME SALES NORTH AMERICA, INC., *a Delaware Corporation*, <br><br> PLAINTIFFS, <br><br> v. <br><br> TURRI & BOARI SNC d/b/a WINGAMM a/k/a WINGAMM GROUP SRL, *a foreign entity based in Italy*, and KELLVILLE DESIGNS LLC, *a Utah Limited Liability Company*, <br><br> DEFENDANTS. |

No. 26 Civ. 3132 (KPF)

**PRELIMINARY INJUNCTION ORDER**

WHEREAS, Plaintiffs TM MOTORHOME SALES, LLC and W MOTORHOME SALES NORTH AMERICA, INC. (hereinafter collective "Plaintiffs") commenced this action asserting claims arising out of Defendants' TURRI & BOARI SNC d/b/a WINGAMM a/k/a WINGAMM GROUP SRL and KELLVILLE DESIGNS LLC (hereinafter collectively "Defendants") purported termination of the Distribution Agreement dated October 21, 2021 (as amended) and Dealer Agreement dated September 14, 2024;

WHEREAS, on or about April 20, 2026, Plaintiffs moved for a temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure;

WHEREAS, the Court entered temporary restraints on April 20, 2026, preserving the *status quo* pending a hearing on Plaintiffs' application;

WHEREAS, Defendants TURRI & BOARI SNC d/b/a WINGAMM a/k/a WINGAMM GROUP SRL ("Defendant Wingamm") and KELLVILLE DESIGNS LLC ("Defendant Kellville") appeared on April 20, 2026, and were heard;

WHEREAS, the Court conducted a hearing with all parties present and heard on Plaintiffs' application for a preliminary injunction on May 4, 2026;

WHEREAS, for the reasons stated on the record and based on the Court's findings of fact and conclusions of law, the Court determined that Plaintiffs have demonstrated (i) serious questions on the merits and a balance of hardships decidedly favoring Plaintiffs, (ii) irreparable harm absent injunctive relief, (iii) that the balance of hardships tips in their favor, and (iv) that the public interest would not be disserved;

WHEREAS, Defendants and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, are hereby RESTRAINED AND ENJOINED from engaging in any of the following acts through the pendency of this action:

- RESTRAINING AND ENJOINING Defendant Wingamm and any of their agents, representatives, employees, or anyone acting on their behalf, from enforcing, implementing, or otherwise giving any force or effect to

2

the purported termination of the Distribution Agreement by and between TM MOTORHOME SALES, LLC and TURRI & BOARI SNC d/b/a WINGAMM a/k/a WINGAMM GROUP SRL dated October 21, 2021 (as amended) via the February 18, 2026 notice;

- RESTRAINING AND ENJOINING Defendant Kellville and any of their agents, representatives, employees, or anyone acting on their behalf, from enforcing, implementing, or otherwise giving any force or effect to the purported termination of the Wingamm Dealer Sales, Parts and Service Agreement by and between  W MOTORHOME SALES NORTH AMERICA, INC. and KELLVILLE DESIGNS LLC dated September 14, 2024 via the March 27, 2026 notice;

- RESTRAINING AND ENJOINING Defendants and any of their agents, representatives, employees, or anyone acting on their behalf, from representing to any third party that such agreements have been validly terminated or are no longer in effect;

- RESTRAINING AND ENJOINING Defendants and any of their agents, representatives, employees, or anyone acting on their behalf, from directly or indirectly bypassing, excluding, or replacing Plaintiff in any aspect of the distribution, marketing, sale, importation, servicing, or delivery of Wingamm motorhome products in the United States;

- RESTRAINING AND ENJOINING Defendants and any of their agents, representatives, employees, or anyone acting on their behalf, from

3

engaging in direct manufacturer-to-dealer or dealer-to-manufacturer transactions in the United States market without Plaintiff's involvement;

- RESTRAINING AND ENJOINING Defendants and any of their agents, representatives, employees, or anyone acting on their behalf, from utilizing Plaintiff's established dealer network, customer base, marketing channels, or goodwill to transact business while excluding Plaintiff;

- RESTRAINING AND ENJOINING Defendant Wingamm and any of their agents, representatives, employees, or anyone acting on their behalf, from communicating with Plaintiff's authorized dealers, including KELLVILLE DESIGNS LLC and their agents, representatives, employees, or anyone acting on their behalf, in a manner intended to:

  o induce termination or repudiation of their agreements with Plaintiff;

  o discourage continued performance with Plaintiff;

  o misrepresent Plaintiff's contractual rights, performance, or status as exclusive distributor;

  o Interfering with Plaintiff's relationships with existing or prospective customers, investors, or business partners developed through Plaintiff's marketing, crowdfunding efforts, trade shows, and promotional activities;

- RESTRAINING AND ENJOINING Defendants and any of their agents, representatives, employees, or anyone acting on their behalf, from holding themselves out as authorized to distribute Wingamm

4

motorhomes in the United States outside of Plaintiff's exclusive distribution rights;

- RESTRAINING AND ENJOINING Defendants and any of their agents, representatives, employees, or anyone acting on their behalf, from exploiting or appropriating the market presence, branding, trade recognition, and goodwill developed by Plaintiff;

- RESTRAINING AND ENJOINING Defendants and any of their agents, representatives, employees, or anyone acting on their behalf, from continuing or initiating sales, marketing, or promotional activities directed at the United States market that rely upon or derive from Plaintiff's market presence, branding, trade recognition and goodwill;

- RESTRAINING AND ENJOINING Defendant Wingamm and any of their agents, representatives, employees, or anyone acting on their behalf, from refusing to process, fulfill, or honor orders placed through Plaintiff or its dealer network;

- RESTRAINING AND ENJOINING Defendant Wingamm and any of their agents, representatives, employees, or anyone acting on their behalf, from redirecting orders, inventory, or production allocations away from Plaintiff to alternative channels;

- RESTRAINING AND ENJOINING Defendant Wingamm and any of their agents, representatives, employees, or anyone acting on their behalf, from failing to supply products, support warranty claims, or provide

logistical coordination in a manner consistent with past practices under the agreements;

- ORDERED, that Defendants, and each of their respective officers, agents, employees, representatives, attorneys, and all persons acting in concert with them, are hereby enjoined and restrained, during the pendency of this action, from making, publishing, disseminating, or causing to be made any false, misleading, or disparaging statements, whether oral or written, to any third party, including but not limited to dealers, customers, prospective customers, investors, media outlets, or industry participants, concerning Plaintiff, Plaintiff's business operations, financial condition, contractual rights, or performance under the Distribution Agreement or Dealer Agreements.

- ORDERED, that Defendants shall preserve the *status quo* as it existed prior to the February 18, 2026 and March 27, 2026 alleged termination notices, including but not limited to:

  o Maintaining the existing contractual distribution structure in which Plaintiffs serves as the sole and exclusive distributor of Wingamm motorhomes in the United States;

  o Continuing performance of all obligations under the Distribution Agreement and Dealer Agreements in the ordinary course of business;

  o Conducting all United States sales, dealer communications, inventory allocations, and operational activities through Plaintiff;

   o Refraining from any action that alters, dismantles, or materially modifies the established commercial relationships among Plaintiff, Defendant Wingamm, and Defendant Dealers; and it is further

- ORDERED that Defendants are hereby given notice that any violation of this Order may be deemed contempt of Court and subject to sanctions; and it is further

- ORDERED that the bond previously posted by Plaintiffs in the amount of $45,000.00 shall remain in effect pending further order of the Court; and it is further

- ORDERED that this Order shall remain in effect during the pendency of this action or until further order of the Court.

SO ORDERED.

Dated:  May 5, 2026
    New York, New York

           KATHERINE POLK FAILLA
           United States District Judge

7